## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KAREN SISSON, on behalf of herself and those similarly situated, | Civil Action No. |
| **Plaintiff,** | **CLASS ACTION ALLEGATIONS** |
| v. | |
| KADENZO ENTERPRISES, INC., A Domestic Profit Corporation AND NEIL ROBERTS, INDIVIDUALLY, | |
| **Defendants.** | |

## COMPLAINT AND DEMAND FOR JURY TRIAL
### (Class/Collective Action)

COMES NOW the Plaintiff, KAREN SISSON ("Plaintiff"), on behalf of herself and those similarly situated, by and through the undersigned counsel, and hereby files this Complaint against the Defendants, KADENZO ENTERPRISE, INC. ("Defendant"), a Domestic Profit Corporation, and Neil Roberts, Individually, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

## INTRODUCTION

1.

This is an action by the Plaintiff, on behalf of herself and others similarly situated, against her employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and

other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

### 2.

This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

### 3.

The venue of this Court over this controversy is proper based upon the claim arising in DeKalb County, Georgia.

## PARTIES

### 4.

Plaintiff and the class members worked as "dump truck" drivers for Defendant in Georgia.

### 5.

Plaintiff was an employee of the Defendant form approximately July 2018 until November of 2020.

### 6.

Upon information and belief, Defendant, KADENZO ENTERPRISE, INC., is a transportation, shipping and trucking company with its principal office in Grayson,

Georgia.

7.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, Neil Roberts, 3462 Woodruff Ridge Lane, Loganville, GA 30052.

8.

Upon information and belief, Defendant, NEIL ROBERTS, is the CEO of KADENZO ENTERPRISE, INC., a transportation, shipping and trucking company with its principal office in Grayson, Georgia.

9.

Defendant may be served by delivering a copy of the summons and complaint at his last known address of 3462 Woodruff Ridge Lane, Loganville, GA 30052.

**FLSA ENTERPRISE COVERAGE**

10.

At all material times (2019-2022), Defendant was an enterprise subject to the FLSA's provision on overtime wages.

11.

At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

12.

At all material times (2019-2022), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e. gravel, asphalt, construction equipment, telephones and/or other mobile devices, computers)

13.

Defendant's employees utilized and/or transported goods which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. gravel, asphalt, construction equipment, telephones and/or other mobile devices).

14.

At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

15.

At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

16.

Based upon information and belief, the annual gross revenue of Defendant was

in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

### 17.

Plaintiff and the class members worked as "dump truck" drivers for the Defendant in the state of Georgia.

### 18.

As "dump truck" drivers, Plaintiff's and the class members' job duties included but were not limited to, driving company dump truck, and traveling to and from different job sites to haul construction materials.

### 19.

Plaintiff was told she would be paid hourly but instead was paid a commission of 25 percent of truck loads and Kadenzo received the remaining 75 percent.

### 20.

Plaintiff was a full-time employee.

### 21.

Plaintiff and the class members were assigned work by supervisors.

### 22.

Plaintiff and the class members were assigned job locations by supervisors.

23.

Plaintiff and the class members were assigned schedules by supervisors.

24.

Plaintiff and the class members were misclassified as independent contractors by Defendant.

25.

Plaintiff and the class members should have been classified as employees by Defendant.

26.

Plaintiff and the class members were "employees" of Defendant within the meaning of FLSA.

27.

Throughout their employment with Defendant, Plaintiff and the class members worked in excess of forty (40) hours per work week during one or more work weeks.

28.

Plaintiff worked an average of thirty (30) hours over 40 hours per

week.

29.

The class members worked a similar amount of average overtime hours as Plaintiff.

30.

Defendant knew or should have known of Plaintiff's schedule and hours worked each week.

31.

Defendant knew or should have known of the class members' schedule and hours worked each week.

32.

Plaintiff and the class members are eligible to be paid overtime pay at time and one half their regular rate.

33.

Plaintiff and the class members have not been compensated at time-and- one-half for all hours worked in excess of forty (40) hours in a workweek.

34.

Due to this pay policy or practice by the Defendant, Plaintiff and the class members were never paid overtime compensation for any of the overtime hours worked.

35.

Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and the class members are in the possession and custody of the Defendant.

36.

Defendant's failure and/or refusal to properly compensate Plaintiff and the class

members at the rates and amounts required by the FLSA were willful.

37.

Plaintiff complained to Defendant regarding how she was paid.

38.

Defendant did not investigate Plaintiff's claims.

39.

Because Defendant refused to correct the manner in which Plaintiff is paid, Plaintiff is owed overtime pay for all hours worked over 40 hours per week for the past three (3) years.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

40.

Defendant employs other "dump truck" drivers as part of its business operations.

41.

"Dump truck" drivers perform similar job duties as Plaintiff in that they drive company dump truck(s), and travel to and from different job sites to haul construction materials.

42.

Upon information and belief, Defendant also paid class members an hourly rate.

43.

"Dump truck" drivers were full-time employees.

44.

Defendant's "dump truck" drivers are the putative class members for this potential collective action.

45.

The class members were treated equally by Defendant.

46.

Plaintiff and class members worked in excess of forty (40) hours per work week during one or more work weeks.

47.

The class members worked a similar amount of average overtime hours as Plaintiff.

48.

Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form overtime pay.

49.

Defendant's common policy violations have caused Plaintiff and the class members to receive less than time-and-one-half for all hours worked in excess of forty

(40) hours in a workweek.

50.

Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

51.

Plaintiff and all class members worked in the State of Georgia.

52.

Plaintiff and all class members in the State of Georgia were not guaranteed time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

53.

Plaintiff and all class members were improperly paid the tipped minimum wage per hour.

54.

During the relevant period, Defendant violated the FLSA, by improperly paying Plaintiff and the class members.

55.

As to the FLSA claims, Plaintiff seeks conditional certification under 29 U.S.C. §216(b):

**All "dump truck" drivers who worked for Defendant within Georgia during the last three (3) years preceding this lawsuit who were not paid time-and-one-half for all hours worked in**

**excess of forty (40) hours in a workweek.**

56.

Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT KADENZO ENTERPRISE, INC.

57.

Plaintiff re-alleges and incorporates paragraphs 1-56 as if fully set forth herein.

58.

Plaintiff and those similarly situated regularly worked in excess of forty

(40) hours per week.

59.

Plaintiff and those similarly situated were not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours each workweek.

60.

Plaintiff and those similarly situated were and are entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

61.

At all times material hereto, Defendant failed, and continues to fail, to maintain

proper time records as mandated by the FLSA.

62.

Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and those similarly situated for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

63.

Defendants failed to properly disclose or apprise Plaintiff and those similarly situated of their rights under the FLSA.

64.

Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

65.

Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

66.

At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff and those similarly situated by virtue of the management policy, plan, or

decision that intentionally provided for the compensation of less than time- and-one-half for overtime hours worked.

67.

Based upon information and belief, Plaintiff and those similarly situated were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants failed to properly pay proper overtime wages.

68.

Plaintiff and those similarly situated demand a trial by jury.

69.

Defendants violated Title 29 U.S.C. §207 for the relevant period of time in that:

  a. Plaintiff and those similarly situated worked in excess of forty (40) hours per week for the period of employment with Defendants;

  b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

  c. Defendants failed to maintain proper time records as mandated by the FLSA.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT NEIL ROBERTS

70.

Plaintiff re-alleges and incorporates paragraphs 1-69 as if fully set forth herein.

71.

Plaintiff and those similarly situated regularly worked in excess of forty

(40) hours per week.

72.

Plaintiff and those similarly situated were not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours each workweek.

73.

Plaintiff and those similarly situated were and are entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

74.

At all times material hereto, Defendants failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

75.

Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and those

similarly situated for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

76.

Defendants failed to properly disclose or apprise Plaintiff and those similarly situated of their rights under the FLSA.

77.

Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

78.

Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

79.

At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff and those similarly situated by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time- and-one-half for overtime hours worked.

80.

Based upon information and belief, Plaintiff and those similarly situated were not

paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay proper overtime wages.

81.

Plaintiff and those similarly situated demand a trial by jury.

82.

Defendants violated Title 29 U.S.C. §207 for the relevant period of time in that:

      d.     Plaintiff and those similarly situated worked in excess of forty (40) hours per week for the period of employment with Defendants;

      e.     No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

      f.     Defendants failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, respectfully prays for the following relief:

      a.     Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all "dump truck" drivers who work or have

worked for Defendants during the Collective Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.      payment to her and all class members of overtime wages for all hours worked in excess of forty (40) hours per work week at the correct rate pursuant to the FLSA;

c.      an equal amount of liquidated damages pursuant to the FLSA, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

d.      reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case pursuant to the FLSA;

e.      conditional certification of this case as a class action under the provisions of 29 U.S.C. §216(b);

f.      a reasonable service award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for FLSA Collective Members and for the risks she took in doing so; and

g.      Any other relief that Plaintiff and the class members may be due or entitled.

h.      Any other further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendants.

DATED this 16th day of September 2022.

Respectfully submitted,

**THE LEACH FIRM, P.A.**

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
GA Bar No.: 488443
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
E-mail: cleach@theleachfirm.com

*s/Adeash Lakraj_____*
Adeash A.J. Lakraj
GA Bar No. 444848
631 S. Orlando Ave, Suite 300
Wells Fargo Building
Winter Park, FL 32789
Telephone: 770.728.8478
Facsimile: 833.423.5864
Email: alakraj@theleachfirm.com

*Attorneys for Plaintiff*