**IN THE UNITED STA.TES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **KAREN SISSON, on behalf** | ) | |
| **of herself and those similarly** | ) | **CIVIL ACTION** |
| **situated,** | ) | **FILE NO. 1:22-CV-03722-AT** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **KADENZO ENTERPRISE, INC.,** | ) | |
| **a Domestic Profit Corporation, and** | ) | |
| **NEIL ROBERTS, Individually** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SPECIAL APPEARANCE ANSWER OF DEFENDANT KADENZO**
**ENTERPRISE, INC., ANSWER OF DEFENDANT NEIL ROBERTS,**
**INDIVIDUALLY, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**
**FOR ABUSIVE LITIGATION-O.C.G.A. § 51-7-81**

**COMES NOW**, Kadenzo Enterprise Inc. and Neil Roberts ("Defendants" or

"Defendant Kadenzo" and "Defendant Roberts"), by and through its undersigned

counsel, and hereby files their Answer, Affirmative Defenses and Counterclaim for

Abusive Litigation-O.C.G.A. § 51-7-81.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendants upon which

relief can be granted; therefore, same, should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Named Plaintiff lack standing to pursue a claim and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") on her behalf and or similarly situated individuals.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable two-year statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the claimed violations are non-actionable; in that, Plaintiff was a subcontractor performing services pursuant to a verbal contract with Defendant Kadenzo.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Defendants are exempt from the Fair Labor Standards Act ("FLSA") and said Act does not apply to the parties' verbal contractual agreement.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they interfere with Defendants compliance with laws and regulations that are equally applicable to all persons.

## EIGHTH AFFIRMATIVE DEFENSE

The imposition of statutory minimum damages in this matter would violate Defendants Eighth Amendment protection against excessive fines in violation of the Georgia Constitution and the Constitution of the United States.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to personally serve Defendant Kadenzo's Registered Agent pursuant to O.C.G.A. § 14-2-504.

## TENTH AFFIRMATIVE DEFENSE

By way of response and answer to the specific allegations contained in Plaintiff's Complaint, and subject to all defenses heretofore set forth, Defendants shows this Honorable Court as follows:

## INTRODUCTION

1.

Defendants deny that the Plaintiff was an employee with the Defendant; in that, Plaintiff was an "on call" 1099 contractor who determined "at will" which contracted jobs she worked.

## JURISDICTION

### 2.

Defendants deny that this action arises under the Fair Labor Standards Act, 29 U.S.C. § 216.

## VENUE

### 3.

Defendants deny that any controversy exists between the parties and the Fair Labor Standards Act, 29 U.S.C. § 210, *et. Seq.;* therefore, venue is not proper in this court and 29 U.S.C. § 216 is not applicable.

## PARTIES

### 4.

Plaintiff was an "on call" 1099 contractor who determined "at will" which contracted jobs she worked.

### 5.

Plaintiff was an "on call" 1099 contractor who determined "at will" which contracted jobs she worked; therefore, Plaintiff was not a W2 employee as alleged in her complaint.

### 6.

Defendants deny the allegations of paragraph 6 in Plaintiff's Complaint; in

that, Defendant Kadenzo is _**not**_ a transportation, shipping and trucking company.

7.

Defendants deny the allegations of paragraph 7 as characterized in Plaintiff's Complaint.

8.

Defendants deny the allegations of paragraph 8 as characterized in Plaintiff's Complaint.

9.

Defendants deny the allegations of paragraph 9 as characterized in Plaintiff's Complaint.

10.

Defendants deny the allegations of paragraph 10 as characterized in Plaintiff's Complaint.

## FLSA ENTERPRISE COVERAGE

11.

Defendants deny the allegations of paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations of paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations of paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

16.

Defendants admit the allegations of paragraph 16 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

17.

Defendants admit the allegations of paragraph 17 of Plaintiff's Complaint.

18.

Defendant Kadenzo admits the allegations of paragraph 18; however, Plaintiff and class members were "on call" 1099 contractors.

19.

Defendant Kadenzo denies the allegations of paragraph 19, as characterized.

20.

Defendants deny the allegations of paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations of paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations of paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations of paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations of paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations of paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations of paragraph 27 of Plaintiff's Complaint.

28.

Defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations of paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations of paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations of paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations of paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations of paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations of paragraph 35 of Plaintiff's Complaint.

36.

Defendants deny the allegations of paragraph 36 of Plaintiff's Complaint.

37.

Defendants deny the allegations of paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations of paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations of paragraph 39 of Plaintiff's Complaint as characterized, in that, Defendant has other "on call" 1099 dump truck drivers.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

40.

Defendants admit the allegations of paragraph 40 of Plaintiff's Complaint.

41.

Defendants deny the allegations of paragraph 41 of Plaintiff's Complaint as characterized.

42.

Defendant admits the allegations of paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny the allegations of paragraph 43 of Plaintiff's Complaint.

44.

Defendants deny the allegations of paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations of paragraph 45 of Plaintiff's Complaint as characterized, in that, all "on call" 1099 contracted dump truck drivers entered into the exact same verbal contractual agreement.

46.

Defendants deny the allegations of paragraph 46 of Plaintiff's Complaint.

47.

Defendants deny the allegations of paragraph 47 of Plaintiff's Complaint.

48.

Defendants deny the allegations of paragraph 48 of Plaintiff's Complaint.

49.

Defendants deny the allegations of paragraph 49 of Plaintiff's Complaint.

50.

Defendants deny the allegations of paragraph 50 of Plaintiff's Complaint.

51.

Defendants deny the allegations of paragraph 51 of Plaintiff's Complaint as characterized, in that, Defendants lack sufficient information to determine if the Plaintiff and or putative class members worked outside of the State of Georgia.

52.

Defendants deny the allegations of paragraph 52 of Plaintiff's Complaint.

53.

Defendants deny the allegations of paragraph 53 of Plaintiff's Complaint.

54.

Defendants deny the allegations of paragraph 54 of Plaintiff's Complaint.

55.

Defendants deny the allegations of paragraph 55 of Plaintiff's Complaint.

56.

Defendants deny the allegations of paragraph 56 of Plaintiff's Complaint, and respectfully requests that conditional certification under 29 U.S.C. § 216(b) be denied.

## COUNT I – RECOVERY OF OVERTIME COMPENSTATION AGAINST DEFENDANT KADENZO ENTERPRISE, INC.

57.

Defendants deny the allegations of paragraph 57 of Plaintiff's Complaint and respectfully submits that difficulty would be encountered in the management of this litigation that precludes its continued maintenance.

58.

Defendants deny the allegations of paragraph 58 of Plaintiff's Complaint.

59.

Defendants deny the allegations of paragraph 59 of Plaintiff's Complaint.

60.

Defendants deny the allegations of paragraph 60 of Plaintiff's Complaint.

61.

Defendants deny the allegations of paragraph 61 of Plaintiff's Complaint.

62.

Defendants deny the allegations of paragraph 62 of Plaintiff's Complaint.

63.

Defendants deny the allegations of paragraph 63 of Plaintiff's Complaint.

64.

Defendants deny the allegations of paragraph 64 of Plaintiff's Complaint.

65.

Defendants deny the allegations of paragraph 65 of Plaintiff's Complaint.

66.

Defendants deny the allegations of paragraph 66 of Plaintiff's Complaint.

67.

Defendants deny the allegations of paragraph 67 of Plaintiff's Complaint.

68.

Defendants deny the allegations of paragraph 68 of Plaintiff's Complaint.

69.

Defendants deny the allegations of paragraph 69 a. – 69 c. of Plaintiff's
Complaint.

## COUNT II – RECOVERY OF OVERTIME COMPENSTATION AGAINST DEFENDANT NEIL ROBERTS

70.

Defendants deny the allegations of paragraph 70 of Plaintiff's Complaint.

71.

Defendants deny the allegations of paragraph 71 of Plaintiff's Complaint.

72.

Defendants deny the allegations of paragraph 72 of Plaintiff's Complaint.

73.

Defendants deny the allegations of paragraph 73 of Plaintiff's Complaint.

74.

Defendants deny the allegations of paragraph 74 of Plaintiff's Complaint.

75.

Defendants deny the allegations of paragraph 75 of Plaintiff's Complaint.

76.

Defendants deny the allegations of paragraph 76 of Plaintiff's Complaint.

77.

Defendants deny the allegations of paragraph 77 of Plaintiff's Complaint.

78.

Defendants deny the allegations of paragraph 78 of Plaintiff's Complaint.

79.

Defendants deny the allegations of paragraph 79 of Plaintiff's Complaint.

80.

Defendants deny the allegations of paragraph 80 of Plaintiff's Complaint.

81.

Defendants deny the allegations of paragraph 81 of Plaintiff's Complaint.

82.

Defendants denies the allegations of paragraph 82 d. – 82 f. of Plaintiff's Complaint.

Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted or denied herein.

**WHEREFORE** Defendants, prays as follows:

a) That they be discharged without cost or liability;

b) That they have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) That a Pre-Trial Conference be held;

d) That all costs and attorney's fees be assessed against the Plaintiff and all putative class members; and

e) That this Court grant any other such relief as it deems just and proper.

## COUNTERCLAIM FOR ABUSIVE LITIGATION AND ATTORNEY FEES

**COMES NOW**, NEIL ROBERTS Defendant/Plaintiff in Counterclaim, (hereinafter, "Defendant Roberts") and shows the Court the following:

1.

The Plaintiff/Defendant in the Counterclaim, (hereinafter "Plaintiff") is subject to the venue and jurisdiction of this Court by virtue of filing the above-styled action.

2.

Defendant, NEIL ROBERTS., is an individual and citizen of the State of Georgia.

3.

Plaintiff was an "on call" 1099 contractor who performed contracted "dump truck" driving services for Defendant Kadenzo.

4.

Plaintiff and Defendant Kadenzo entered into a verbal contract for Plaintiff to be paid 25% of the gross income of the equipment she operated.

5.

Plaintiff agreed to be responsible pursuant to said contract for any and all withholding taxes associated with her 1099 employment with Defendant Kadenzo.

6.

Plaintiff/Defendant in the Counterclaim has acted in bad faith by bringing this lawsuit against Defendant Roberts individually; despite the fact that no facts as pled, accepted as true, states a claim for relief against Defendant Roberts that is plausible on its face. Ashcroft v. Iqbal, 555 U.S. at 555 U.S. 662, 687 (2009); Twombly, 550 U.S. at 561-62, 570.

7.

Defendant Roberts submits that the Plaintiff should be held liable for abusive litigation pursuant to O.C.G.A. § 51-7-81 for with malice and without substantial justification filing the above-styled action against him individually. Plaintiff's malice is established, by the fact that she was a purported class member in CAFN: 1:20-CV-04948-SCJ who participated in the 30(b)(6) deposition of Defendant Roberts and nothing in the discovery process showed that Defendant Roberts is individually liable for any misconduct. Most notably, the Plaintiff's complaint does not allege facts for which this Court could draw the reasonable inference that the defendant is liable for the misconduct alleged. Hence, Plaintiff merely added Defendant Roberts to the above-styled action; after Plaintiff was dismissed by this Honorable Court from CAFN: 1:20-CV-04948-SCJ.

8.

Defendant Roberts seeks attorney's fees pursuant to *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 919 (11th Cir. 1982), the court held "that the Court in Roadway Express intended to authorize the assessment of attorney's fees against counsel who either willfully disobeyed a court order or acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

**WHEREFORE**, Plaintiff in the Counterclaim prays:

a) That it has a trial by a jury of twelve persons as to all issues properly triable by a jury;

b) Judgment be issued on the Counterclaim in favor of the Defendant/Plaintiff in the counterclaim;

c) Plaintiff/Defendant in the counterclaim be ordered to pay Defendant/Plaintiff's court cost for this action; and

d) Defendant/Plaintiff's be awarded any and all reasonable attorney's fees in this matter.

Respectfully Submitted this 12<u>th</u> day of <u>October</u>, 2022.

<u>/s/ Marsha W. Mignott</u>
Marsha W. Mignott
Georgia Bar No. 141933
Attorney for Defendants

17

**THE MIGNOTT LAW GROUP, LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
lawyers@mignottlaw.com

## CERTIFICATE OF SERVICE

THIS is to certify that I have this day served the opposing party in the foregoing matter with a copy of **SPECIAL APPEARANCE ANSWER OF DEFENDANT KADENZO ENTERPRISE, INC., ANSWER OF DEFENDANT NEIL ROBERTS, INDIVIDUALLY, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR ABUSIVE LITIGATION-O.C.G.A. § 51-7-81** by filing same with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**Carlos V. Leach, Esq.**
**Adeash Lakraj, Esq.**
**The Leach Firm P.A.**
**631 S. Orlando Avenue, Suite 300**
**Winter Park, Florida 32789**
*Attorneys for Plaintiff*

This <u>12th</u> day of <u>October</u>, 2022.

*/s/ Marsha W. Mignott*
Marsha W. Mignott
Georgia Bar No. 141933
Attorney for Defendants

**THE MIGNOTT LAW GROUP, LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
lawyers@mignottlaw.com