IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| KAREN SISSON, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| KADENZO ENTERPRISES, INC., a | : | 1:22-cv-3722-AT |
| Domestic Profit Corporation, | : | |
| Defendant. | : | |

## ORDER

This matter comes before the Court upon Plaintiff's omnibus Motions in Limine. [Doc. 86]. The Court sets forth its rulings on each of Plaintiff's various motions below.

## I. Procedural Background

Plaintiff Karen Sisson ("Plaintiff") brings this action against her former employer, Defendant Kadenzo Enterprises, Inc. ("Defendant" or "Kadenzo"). Plaintiff worked as a dump truck driver for Kadenzo from around July 2018 to November 2020. (Sisson Decl., Doc. 57-6 ¶ 3). Plaintiff initially filed this action as a putative collective action under the Fair Labor Standards Act ("FLSA"). (*See* Compl., Doc. 1; First Am. Compl., Doc. 57). Plaintiff has since abandoned the collective allegations, however, opting not to move for certification and instead proceeding as an individual plaintiff at the summary judgment stage. (Doc. 57; *see also* Doc. 68 at 1 n.1 (noting that Plaintiff never filed a motion for conditional

certification, and no individuals have filed opt-in forms)). Plaintiff's sole remaining claim is an individual claim for a violation of the FLSA's overtime provision. (*See* MTD Order, Doc. 34 at 15-16).

On October 25, 2024, the Court issued an Order on the parties' cross-motions for summary judgment, granting Plaintiff's partial motion for summary judgment and denying Defendant's summary judgment motion ("Summary Judgment Order"). (Doc. 68). The Court's key findings in its Summary Judgment Order included: (1) Plaintiff was an employee of Kadenzo, rather than an independent contractor; (2) Defendant waived its affirmative defense that the Motor Carrier Act Exemption to the FLSA applies to bar Plaintiff's overtime claim; and (3) Plaintiff provided undisputed evidence that she worked approximately 70 hours per week as a dump truck driver for Defendant, and she is thus entitled to liquidated damages as a matter of law on her overtime claim under the FLSA. (*Id.* at 5-23).

After making the above findings, the Court summarized the remaining issues in the case as including: (1) whether Defendant's violation of the FLSA was willful, (2) the specific amount of Plaintiff's damages (upon application of the formula for calculating the regular rate based on commission pay), and (3) attorney's fees. (*Id.* at 23).

A jury trial is scheduled to commence in this case on August 19, 2025 on the remaining issues of willfulness and damages. (Trial Calendar Order, Doc. 82). In preparation for trial, the parties filed their Proposed Pretrial Order on July 18,

2025. (Doc. 85). Plaintiff filed her omnibus Motions in Limine on July 21, 2025. [Doc. 86]. Defendant did not file any motions in limine of its own, but it filed a response to Plaintiff's motions on August 4, 2025. (Doc. 91). The parties have also jointly filed proposed jury instructions, with each party's respective proposals outlined therein. (Doc. 89).

## II. Discussion

Plaintiff's omnibus filing includes eleven motions in limine. [Doc. 86]. Seven of these motions are premised on the same general argument that Defendant should not be permitted to relitigate issues that the Court has already decided on summary judgment. Before Plaintiff even raised this issue in her motions in limine, the Court's independent review of the parties' Proposed Pretrial Order evoked similar concerns. The Court will thus address those motions together before turning to the remaining motions in limine.

### A. Plaintiff's Motions in Limine Regarding Issues Decided on Summary Judgment

Plaintiff's motions in limine regarding issues that were already decided on summary judgment include:

(1) Plaintiff's Motion in Limine No. 2, seeking to preclude Defendant from arguing that Plaintiff was not an employee of Defendant;

(2) Plaintiff's Motion in Limine No. 3, seeking to preclude Defendant from arguing that the Motor Carrier Act Exemption applies to bar Plaintiff's FLSA overtime claim;

(3) Plaintiff's Motion in Limine No. 4, seeking to preclude Defendant from arguing that Plaintiff did not work approximately 70 hours per week during her employment with Kadenzo;

(4) Plaintiff's Motion in Limine No. 5, seeking to preclude Defendant from arguing that Defendant was not required to pay Plaintiff time-and-a-half for all overtime hours worked;

(5) Plaintiff's Motion in Limine No. 6, seeking to preclude Defendant from arguing that the Court should use a method to calculate Plaintiff's unpaid overtime that differs from the method the Court described in its Summary Judgment Order;

(6) Plaintiff's Motion in Limine No. 7, seeking to preclude Defendant from arguing that Plaintiff is not entitled to liquidated damages; and

(7) Plaintiff's Motion in Limine No. 9, seeking to preclude Defendant from introducing evidence of Plaintiff's tax filings to show that she was an independent contractor rather than an employee, or for any other purpose.

[Doc. 86 at 7-13].

As noted, Plaintiff's motions raise issues that the Court was also troubled by upon its review of the Proposed Pretrial Order. (Doc. 85). For example, Defendant's "Proposed Legal Issues to be Tried" in the Pretrial Order include whether Plaintiff worked overtime as an employee of Defendant's business, the number of overtime hours Plaintiff worked, whether Plaintiff has already been compensated by Defendant for all hours worked and whether she should be

awarded damages for overtime pay. (*Id.* at 7). In Defendant's proposed "Description of the Claim" to be presented to the jury panel, Defendant refers to the Motor Carrier Act exemption for truck drivers and notes its contention that "Plaintiff is an independent contractor as a truck driver and she was not entitled to overtime wages pursuant to the federal law, the Fair Labor Standards Act, and the Motor Carrier Act." (*Id.* at 36). Similarly, Defendant's "Outline of the Case" includes the contention (presented via Defendant's argument) that Plaintiff worked as an independent contractor—not an employee—for Defendant, and Defendant then once again invokes the Motor Carrier Act exemption as a basis to deny FLSA overtime wages to Plaintiff. (*Id.* at 45-47). All 23 of Defendant's proposed Stipulated Facts are aimed at establishing that Plaintiff was an independent contractor and not an employee of Defendant. (*Id.* at 53-58). Finally, Defendant's Proposed Verdict Form brings back into play the questions of whether Plaintiff "worked overtime as an employee" of Defendant, whether Defendant "failed to pay [Plaintiff] the overtime pay required by law[,]" and whether Plaintiff should be "awarded damages for overtime pay[.]" (*Id.* at 68).

Defendant's Response to Plaintiff's omnibus motion (Doc. 91) is puzzling. On the one hand, Defendant acknowledges the rulings in the Court's Summary Judgment Order, including: (1) that the Court found Plaintiff to be an employee (*id.* at 5-7), (2) that the Court ruled Defendant's Motor Carrier Act Exemption claim was not viable (*id.* at 7), (3) that the Court ruled Plaintiff worked approximately 70 hours per week (*id.* at 8), and (4) that the Court ruled Plaintiff is

entitled to liquidated damages (*id.* at 10). On the other hand, Defendant argues that because these issues are "disputed," it is entitled to present evidence at trial on each of them. Defendant reiterates some of its previous arguments on each of these issues in its brief and contends it should be permitted to present evidence to the jury to support those positions.

As Defendant acknowledges, the Court has already found that Plaintiff worked approximately 70 hours per week as an employee of Defendant, that Defendant failed to pay Plaintiff the overtime pay required by the FLSA, and that Plaintiff is entitled to liquidated damages on her overtime claim as a matter of law. (*See* Doc. 68 at 18-23). These rulings are binding under the law-of-the-case doctrine. "Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). Moreover, findings issued on summary judgment are not subject to be reopened at trial, since "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Therefore, a finding in one party's favor at the summary judgment stage operates as entry of judgment on the claim or defense at issue. Fed. R. Civ. P. 56(a); *see also Dupree v. Younger*, 598 U.S. 729, 731 (2023) (explaining that Rule 56(a) "requires a district court to enter judgment on a claim or defense if there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'").

Accordingly, as explained in the Summary Judgment Order, the only issues that remain to be decided in the case include: (1) whether Defendant's violation of the FLSA was willful and thereby would extend the statute of limitations under the FLSA to three years preceding the date of the complaint, (2) the specific amount of Plaintiff's damages for overtime work, and (3) attorney's fees.[1]

Therefore, the Court will grant Plaintiff's motions in limine seeking to prohibit Defendant from relitigating those issues that were already decided on summary judgment. Specifically, it is **ORDERED** as follows:

(1) Plaintiff's motion in limine to preclude Defendant from arguing that Plaintiff worked as an independent contractor, as opposed to an employee, is **GRANTED**. [Doc. 86 at 7]. Relatedly, Plaintiff's motion in limine to exclude any evidence relating to Plaintiff's tax filings [*id.* at 12-13] is **GRANTED in part and DENIED in part**. Defendant may not introduce tax filings such as Plaintiff's 1099 tax forms at trial to challenge Plaintiff's classification as an employee rather than as an independent contractor. However, as explained in more detail *infra*, at pp. 10-11, the parties will be allowed to present evidence at trial regarding Plaintiff's compensation in commissions during the relevant time period of her employment with Kadenzo in order to assist the jury in calculating Plaintiff's "regular rate" of pay as well as

---

[1] For the reasons explained in more detail *infra*, at p. 17, only the first two of these issues will be submitted to the jury; the question of attorney's fees will be decided by the Court after trial.

her specific damages award. Defendant's argument that Plaintiff's 1099's may be useful evidence of Plaintiff's compensation and hours worked during the relevant time period is thus well-taken. (*See* Resp. to Pl. MILs, Doc. 91 at 13). The Court will allow Plaintiff's tax filings into evidence for that limited purpose. However, **Defendant is prohibited from arguing or implying to the jury in any way that Plaintiff worked as an independent contractor for Kadenzo.**

(2)    Plaintiff's motion in limine to preclude Defendant from presenting evidence pertaining to FLSA exemptions at trial, or otherwise arguing that the Motor Carrier Act Exemption to the FLSA applies in this case, is **GRANTED**.[2] [Doc. 86 at 7-8].

(3)    Plaintiff's motion in limine to preclude Defendant from arguing that Plaintiff did not work more than 40 hours per week during her employment with Kadenzo is **GRANTED**. [*Id.* at 8-9].

(4)    Plaintiff's motion in limine to preclude Defendant from arguing that it was not required to pay Plaintiff a rate of one-and-a-half times her regular pay for all overtime hours worked is **GRANTED**. [*Id.* at 9-10].

---

[2] Notably, the Court's Summary Judgment Order dealt only with the Motor Carrier Act Exemption (Doc. 68 at 15-17), and there is no indication in the record that Defendant intends to raise any other FLSA exemption at trial. However, the Court grants Plaintiff's motion in limine on this issue in full because the Court has already decided as a matter of law that Plaintiff is entitled to liquidated damages on her overtime claim, and it is far too late in the case for Defendant to attempt to raise any other FLSA exemption as a defense. Therefore, Plaintiff's motion to preclude evidence and argument regarding the applicability of *any* FLSA exemption is granted.

(5)     Plaintiff's motion in limine to preclude Defendant from proposing a
method to calculate unpaid overtime that differs from the method this
Court already determined should be used is **GRANTED**. [*Id.* at 10-
11]. (*See also* Summary Judgment Order, Doc. 68 at 20 (describing
the method by which the Court will calculate Plaintiff's liquidated
damages)).

As discussed in the Court's Summary Judgment Order, where, as here, an
employer fails to keep time records, an employee carries her burden to prove that
she performed work for which she was not properly compensated by producing
"sufficient evidence to show the amount and extent of that work as a matter of just
and reasonable inference." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d
1299, 1315 (11th Cir. 2013). If the employer does not negate the reasonableness of
the inference to be drawn from the employee's evidence, "the court may then award
damages to the employee, even though the result be only approximate." *Id.* Here,
because Defendant failed to keep time records, the Court found Plaintiff met her
relaxed burden to show that she performed improperly compensated overtime
work by presenting sworn testimony that she worked approximately 70 hours per
week. (Summary Judgment Order, Doc. 68 at 18-19). Defendant failed to negate
that evidence or provide any evidence to the contrary. (*Id.* at 19). Therefore, the
Court concluded Plaintiff had provided undisputed evidence to support her
damages for her overtime claim under the FLSA. (*Id.* at 19-20). Separately, the
Court found Plaintiff is entitled to liquidated damages on her overtime claim as a

matter of law. (*Id.* at 21-23). Consequently, Defendant is bound by the Court's findings at summary judgment that Plaintiff worked approximately 70 hours per week during the time she was employed with Kadenzo, that she is entitled to liquidated damages for the uncompensated overtime hours worked, and that her damages should be calculated using the method under the FLSA that is outlined in the Court's Summary Judgment Order. (*Id.* at 20).

That said, the Court has not yet determined Plaintiff's "regular rate" of pay, as necessary to calculate her damages. The jury will determine Plaintiff's "regular rate" of pay by taking her total compensation in commissions for each week and dividing that total by the number of hours worked. (*See id.*). The parties are entitled to present evidence at trial to assist the jury in that determination, such as evidence regarding Plaintiff's compensation in commissions and her number of total workweeks over the course of the relevant time frame of her employment, but Defendant may not relitigate the issue of how many hours per week Plaintiff worked. Since Defendant is bound by the Court's finding at summary judgment that Plaintiff worked approximately 70 hours per week during her employment— i.e., 30 hours of overtime per week—an approximated damages award can be calculated by multiplying 50% of Plaintiff's "regular rate" of pay by 30 for each applicable workweek. That calculation appropriately captures the number of hours worked over 40 each week (30), for which Plaintiff is entitled to 150% of her regular rate but for which she was paid only 100%.

The parties may also argue the issue of willfulness to the jury, since it was not decided at the summary judgment stage. Once the jury decides the question of willfulness, the jury will be in a position to approximate the amount of damages to which Plaintiff is entitled based on the number of workweeks she was employed by Defendant during either the two-year period preceding this action (if the jury finds the violation was not willful) or the three-year period preceding this action (if the jury finds willfulness). Once the relevant time period is decided, the jury will be instructed to calculate the amount of Plaintiff's damages for overtime work by (1) determining Plaintiff's "regular rate" of pay based on evidence presented at trial of her total compensation in commissions for each week worked during the relevant time period, divided by total number of hours worked during that time period, (2) multiplying 50% of Plaintiff's "regular rate" of pay by 30 to calculate the amount of unpaid overtime compensation Plaintiff is owed for each workweek, and (3) multiplying the amount of unpaid overtime Plaintiff is owed for each workweek by the number of workweeks during the relevant time period.

The parties may not present evidence or argument to the jury unless relevant to the issues of willfulness and damages, as described above. In short, Defendant is bound by the Court's summary judgment rulings and is precluded from disputing those rulings through evidence or argument at trial. The Court will now turn to Plaintiff's remaining motions in limine.

## B. Plaintiff's Motion in Limine No. 1 to Exclude Evidence Regarding *Knox v. Kadenzo Enterprises*

Plaintiff also moves to preclude Defendant from discussing the factual and procedural circumstances of another case brought in this court against Defendant by a different plaintiff, who also worked as a dump truck driver for Kadenzo and brought a claim for FLSA overtime violations. *See Knox v. Kadenzo Enterprises, Inc.*, 1:20-cv-4948-SCJ, Complaint, Doc. 1 (N.D. Ga. Dec. 7, 2020). This Court outlined the procedural history of the *Knox* case in its Order denying in part Defendant's motion to dismiss. (*See* Doc. 34 at 3–4). The *Knox* case ultimately went to a jury, and the jury found that Ms. Knox was an independent contractor. *Knox*, 1:20-cv-4948-SCJ, Doc. 105 (N.D. Ga. July 14, 2023).

In its Response, Defendant first contends that evidence regarding the factual and procedural circumstances of the *Knox* case is relevant here, because Plaintiff Sisson in this case submitted a consent to join the *Knox* case before the *Knox* plaintiff proceeded on an individual basis. (Doc. 91 at 5). Thus, had the *Knox* case proceeded as a collective action with Ms. Sisson as a plaintiff there, she would have been subject to the same jury verdict. (*Id.*) Defendant separately argues that, since the Court's Summary Judgment Order in this case is contrary to the outcome of *Knox*, the question of whether Plaintiff was an employee or an independent contractor is a "mixed issue of law and fact" that should be decided by a jury. (*Id.* at 6-7). Therefore, Kadenzo asserts it is "entitled to produce evidence during trial concerning Plaintiff's employment status, including but not limited to evidence that Plaintiff was never an employee." (*Id.* at 7).

Defendant's argument is without merit. Indeed, the Court has already addressed and rejected Defendant's argument on this point in its Order on Defendant's Motion for Clarification of the Summary Judgment Order:

> The instant case involves a different Plaintiff (Ms. Sisson) than the plaintiff in the *Knox* case. In addition, this case involves a different factual record than the one before Judge Jones in the *Knox* case. In this case, Plaintiff Sisson compiled an extensive record and *affirmatively moved* for summary judgment on the question of whether she was an employee or an independent contractor. (*See* Doc. 57.) Both parties submitted thorough briefing on this question. The Court, in its Summary Judgment Order, conducted a lengthy analysis of the employee versus independent contractor question. (Doc. 68 at 5–15). The Court's comprehensive analysis was based on the Plaintiff *in this case*, the record presented *in this case*, and the arguments and procedural posture presented *in this case* (including that Plaintiff affirmatively moved for summary judgment here). Defendant has not argued, nor could it, that a case involving a different plaintiff and a different factual record could have some *res judicata*-type preclusive effect in this case.

(Doc. 76 at 3). The Court further found that "*in this case*, there were not disputes of fact that prevented the Court from adjudicating the issue [of Plaintiff's employment status] as a matter of law." (*Id*. at 4.) Accordingly, the Court "reaffirm[ed] its summary judgment ruling that Plaintiff was an employee of Kadenzo." (*Id*. at 4-5.)

The Court stands by its prior rulings, and they are binding on Defendant under the law-of-the-case doctrine. The outcome of *Knox* has no bearing on the outcome of this case, nor are the factual or procedural circumstances of *Knox* relevant to the issue of damages or willfulness that remain to be decided. Therefore, Plaintiff's Motion in Limine No. 1, seeking to exclude evidence regarding the *Knox* case, is **GRANTED**.

### C. Plaintiff's Motion in Limine No. 8 to Exclude Evidence Regarding Plaintiff's Finances

Plaintiff's Motion in Limine No. 8 seeks to exclude references to Plaintiff's financial situation or needs, including evidence of any financial wealth, financial difficulties, foreclosures, bankruptcies, or civil or domestic relations actions involving Plaintiff. [Doc. 86 at 12]. Plaintiff contends that evidence pertaining to these matters is not relevant to the claims in this case, and the only purpose for introducing such evidence would be to prejudice Plaintiff. [*Id.*].

Defendant responds that Plaintiff's financial condition is relevant to establishing "Plaintiff's motive," as "motive is a permissible purpose under Rule 404(b)." (Doc. 91 at 12). However, Rule 404(b) deals with permissible purposes of evidence of "other crimes, wrongs, or acts," so as to justify the introduction of evidence that would otherwise be excluded as impermissible character evidence under Rule 404(a). *See* Fed. R. Evid. 404(a)-(b). Defendant does not explain why Plaintiff's motive in bringing this litigation is relevant to the issues that remain to be decided—namely, whether Defendant's FLSA violation was willful and the specific amount of Plaintiff's damages. Nor is Plaintiff's financial condition properly characterized as evidence of "other crimes, wrongs, or acts" under Rule 404(b).

The cases on which Defendant relies for its argument include, first, a case where a plaintiff sued his insurance company for refusing to provide coverage for a fire loss that the jury found attributable to the plaintiff's voluntary action—i.e., arson. *Powell v. Merrimack Mut. Fire Ins. Co.*, 667 F.2d 26, 30-31 (11th Cir. 1982).

14

The Eleventh Circuit upheld the trial court's admission of evidence showing that the plaintiff was being sued by the United States Government for the return of illegally received monies at the time of the fire, because it was relevant to show his state of mind as to his financial condition at the time of the fire that he was accused of starting himself. *Id.* Second, Defendant cites to *Smith v. Werner Enterprises, Inc.*, 65 F. Supp. 3d 1305, 1309-10 (S.D. Ala. 2014), for the proposition that "financial motive could be inferred from evidence of financial circumstances." (Doc. 91 at 12). In *Smith,* the district court considered whether a plaintiff in an FLSA overtime case should be judicially estopped from seeking monetary compensation for any overtime violation because he had not disclosed his FLSA claim in his Chapter 13 bankruptcy proceedings. *Smith*, 65 F. Supp. 3d at 1307-08. The court there considered the plaintiff's possible financial motive to hide his assets in the bankruptcy proceeding, but ultimately denied the defendant's request for judicial estoppel on the basis that it was "ambiguous" whether the plaintiff's omission of the FLSA action from his bankruptcy schedules was intentional. *Id.* at 1307-12.

These cases are not on point and do not persuade the Court that Plaintiff's financial condition is relevant here simply because other courts have considered the plaintiffs' financial motives relevant under completely different factual circumstances. In *Powell*, the relevance of a plaintiff's financial motive to commit arson and insurance fraud in a case where the plaintiff later sues the insurer for non-coverage for the fire is obvious—the jury was tasked with deciding whether the

insurance company's defense of arson was sound. In *Smith*, the court did not deal at all with the ***admissibility*** of evidence related to the plaintiff's financial condition, as the plaintiff did not challenge its relevance. Rather, it was undisputedly relevant to the judicial estoppel analysis whether the plaintiff had a motive to hide his assets from the bankruptcy court, since only a finding of "intentional contradictions" and "intent to mislead the bankruptcy court" could support the application of judicial estoppel to the plaintiff's FLSA claim. *Id.* at 1309. There is no parallel or even similar factual circumstance at play in this case. Defendant does not cite, and the Court cannot find, any authority to support the contention that a plaintiff's "motive" is a relevant consideration in an FLSA overtime case. More generally, the Court can think of no circumstance under which a plaintiff's financial condition is relevant in an FLSA action at all, absent a finding that the plaintiff initiated the litigation in bad faith so as to justify an award of attorney's fees to the defendant. *See, e.g.*, *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985). That circumstance is not present here. Therefore, Plaintiff's motion in limine No. 8 [Doc. 86 at 12] is **GRANTED**.

### D. Plaintiff's Motion in Limine No. 10 to Exclude Evidence Relating to Defendant's Financial Condition

Plaintiff next seeks to exclude evidence of Defendant's financial condition, including the effect that the judgment against it may have on its business operations. [Doc. 86 at 14]. Defendant responds that its financial condition is one of the relevant factors the Court may consider under 29 U.S.C. § 260 in determining whether an employer's actions or omissions were made in good faith

and they had reasonable grounds to believe their conduct did not violate the FLSA. (Doc. 91 at 14). The Court has the discretion to reduce or eliminate liquidated damages if the Court finds good faith. (*Id.*). The problem with Defendant's position is that the Court has already conducted the requisite analysis under 29 U.S.C. § 260 and decided in its Summary Judgment Order that Plaintiff is entitled to liquidated damages as a matter of law. (Doc. 68 at 20-23). Therefore, Defendant is barred by the law-of-the-case doctrine from continuing to present a defense to an award of liquidated damages in this case, including by reference to its financial condition.

Further, the Court finds Defendant's financial condition is not otherwise relevant to the remaining issues of willfulness and damages. *See McSweeney v. Kahn*, 2008 WL 11333598, at *10 (N.D. Ga. June 26, 2008) (citing Ronald L. Carlson, Argument to the Jury: Passion. Persuasion, and Legal Controls, 33 St. Louis U. L.J. 787, 809-10 (1989) for the proposition that "courts generally prohibit comments upon [the] wealth of either party except with regard to punitive damages, where information regarding defendant's financial resources is relevant."). While evidence of a defendant's financial condition **is** relevant to the issue of punitive damages, punitive damages are not available under the FLSA. *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 935-37 (11th Cir. 2000). Therefore, such evidence has no relevant purpose in this action.

For these reasons, Plaintiff's Motion in Limine No. 10 to exclude evidence relating to Defendant's financial condition, including the effect that a judgment against it may have on Kadenzo's business operations, is **GRANTED**.

### E. Plaintiff's Motion in Limine No. 11 to Exclude Evidence Regarding Attorneys' Fees or Costs of Litigation

Plaintiff next moves to exclude evidence regarding attorney's fees or costs of litigation at trial. [Doc. 86 at 15]. Defendant responds that evidence concerning the cost of litigation and attorney's fees should be allowed to be presented at trial, because the prevailing party is entitled to an award of attorney's fees and costs. (Doc. 91 at 14-15). The Court agrees that the issue of the appropriate award of attorney's fees and costs remains to be decided in this action. (*See* Summary Judgment Order, Doc. 68 at 23). However, that issue will be decided by the Court upon motion after trial and not by the jury. *See* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses **must be made by motion** unless the substantive law requires those fees to be proved at trial as an element of damages") (emphasis added); *see also Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543-44 (11th Cir. 1985) (stating that the "determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act is left to the sound discretion of the trial judge[,]" and outlining the factors the trial court must apply to determine an FLSA plaintiff's attorney's fee award); *Walker v. Iron Sushi LLC*, 752 F. App'x 910,

913-14 (11th Cir. 2018) (approving the district court's lodestar approach in calculating the attorney's fee award for a prevailing plaintiff in an FLSA action). Accordingly, because the jury will not be deciding the issue of attorney's fees and costs, Plaintiff's motion in limine No. 11 to exclude evidence connected to that issue at trial is **GRANTED**.

### F. Timing of Parties' Trial Briefs

In the Proposed Pretrial Order, the parties jointly request that the Court permit them to file trial briefs in this action seven days before trial. (Doc. 85 at 10). However, the Pretrial Conference is scheduled to take place seven days before trial. Therefore, to give the Court sufficient time to review the briefs beforehand, the parties' trial briefs are due no later than **August 11, 2025** at **12:00 noon.** Counsel are cautioned that their trial briefs should be limited to argument on the three remaining issues in the case identified above and any evidentiary disputes in connection. The Court will not entertain or permit argument to the jury regarding issues that were already resolved by the Court at the summary judgment stage.

The Court will permit some measure of further discussion of issues raised by the parties in their trial briefs during the Pretrial Conference.

## III. Conclusion

For the reasons explained in this Order, Plaintiff's omnibus Motions in Limine [Doc. 86] are **GRANTED in part** and **DENIED in part**. Specifically, the Court **GRANTS** the following motions in limine:

(1)    Plaintiff's motion in limine to preclude Defendant from arguing that Plaintiff worked as an independent contractor, as opposed to an employee. [Doc. 86 at 7];

(2)    Plaintiff's motion in limine to preclude Defendant from presenting evidence pertaining to FLSA exemptions at trial or otherwise arguing that the Motor Carrier Act Exemption to the FLSA applies in this case. [*Id.* at 7-8];

(3)    Plaintiff's motion in limine to preclude Defendant from arguing that Plaintiff did not work more than 40 hours per week during her employment with Kadenzo. [*Id.* at 8-9];

(4)    Plaintiff's motion in limine to preclude Defendant from arguing that it was not required to pay Plaintiff a rate of one-and-a-half times her regular pay for all overtime hours worked. [*Id.* at 9-10];

(5)    Plaintiff's motion in limine to preclude Defendant from proposing a method to calculate unpaid overtime that differs from the method this Court already determined should be used. [*Id.* at 10-11];

(6)    Plaintiff's motion in limine to exclude evidence or argument related to *Knox v. Kadenzo Enterprises*. [*Id.* at 5-7];

(7)    Plaintiff's motion in limine to exclude evidence relating to Plaintiff's tax filings. [*Id.* at 12-13];

(8)    Plaintiff's motion in limine to exclude evidence relating to Plaintiff's financial situation. [*Id.* at 12];

(9)    Plaintiff's motion in limine to exclude evidence relating to Defendant's financial condition. [*Id.* at 14];

(10)    Plaintiff's motion in limine to exclude evidence at trial concerning recover of attorney's fees or costs of litigation. [*Id.* at 14-15].

Further, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion in Limine seeking to exclude any evidence relating to Plaintiff's tax filings [*id.* at 12-13]. Defendant may not introduce tax filings such as Plaintiff's 1099 tax forms at trial to challenge Plaintiff's classification as an employee rather than as an independent contractor. However, Plaintiff's tax filings may be introduced into evidence for the sole and limited purpose of assisting the jury in calculating Plaintiff's "regular rate" of pay based on her commissions payments, as needed to calculate the damages award.  The Court again cautions Defense counsel to avoid referencing the tax filings for any purpose other than for determining the Plaintiff's hourly rate and her associated overtime rate.

Finally, the parties' trial briefs must be filed no later than **August 11, 2025** at **12:00 noon.**

**IT IS SO ORDERED** this 6th day of August, 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**