IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| KAREN SISSON, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
|  | : | 1:22-cv-3722-AT |
| KADENZO ENTERPRISES, INC., a Domestic Profit Corporation, | : | |
| Defendant. | : | |

# **ORDER**

Before the Court is Defendant's Emergency Motion for Reconsideration. [Doc. 116]. Defendant styles the Motion as a Motion for Reconsideration of its January 9, 2026 Order (Doc. 115), in which the Court reiterated and explained, at Defense counsel's request, the impact of its previous summary judgment Order on the scope of issues remaining for trial. However, the Defendant's Motion in fact seeks reconsideration of the Court's summary judgment Order itself (Doc. 68), which was issued more than a year ago on October 25, 2024.

Specifically, Defendant challenges the Court's finding at summary judgment that the record evidence is undisputed that Plaintiff worked approximately 70 hours per week. (*See* Doc. 68 at 19-20). From that finding flowed additional findings that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff a premium overtime rate for all hours worked in excess of 40 hours

per workweek, and that Plaintiff was entitled to liquidated damages as a matter of law. (*Id.* at 20-23). The Court has reiterated these findings in other more recent Orders as the parties prepared for trial on the narrow remaining issues in this case. (*See* Order on Omnibus MILs, Doc. 92; Order Clarifying Remaining Issues for Trial, Doc. 115).

Defendant now—one day before trial commences—purports to seek reconsideration of the January 9, 2026 Order reiterating the Court's summary judgment finding that Plaintiff worked approximately 70 hours per week (Doc. 115). However, the substance of the Emergency Motion makes clear that Defendant is instead belatedly challenging the Court's holding, in its 2024 summary judgment Order, that the record evidence was undisputed that Plaintiff worked approximately 70 hours per week. Defendant now argues that record evidence including "Plaintiff's own deposition testimony, Defendant's business records, and declarations from Defendant's 30(b)(6) representative . . . creates a genuine issue of material fact regarding the number of hours Plaintiff worked, which precludes summary judgment on this issue[.]" [Doc. 116 at 2]. Therefore, the Court will analyze the Emergency Motion for Reconsideration of the Court's January 9, 2026 Order as a motion for reconsideration of its October 25, 2024 summary judgment Order (Doc. 68).[1]

---

[1] Importantly, even if the Court were to grant reconsideration of its January 9, 2026 Order, that ruling would not undo or change the impact of the rulings set forth in its October 25, 2024 summary judgment Order.

2

Under Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice," but only when "absolutely necessary." LR. 7.2(E), NDGa; *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557 (N.D. Ga. 1995) (O'Kelley, J.). The Local Rule further cautions that any motion to reconsider an order "shall be filed with the clerk of court within twenty-eight (28) days after entry of the order[]." LR 7.2(E), NDGa.

Parties may not use a motion for reconsideration to show the court how it "could have done it better," to present the court with arguments already heard and dismissed, to repackage familiar arguments to test whether the court will change its mind, or to offer new legal theories or evidence that could have been presented in the original briefs. *Bryan v. Murphy*, 246 F. Supp. 2d at 1259; *Pres. Endangered Areas of Cobb's History, Inc.*, 916 F. Supp. at 1560; *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (Murphy, H.L., J.); *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001) (Story, J.) (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)). If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied. *Bryan v. Murphy*, 246 F. Supp. 2d at 1259; *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338.

Appropriate grounds for reconsideration under Rule 59(e) include: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *See Hood v. Perdue*,

3

300 F. App'x 699, 700 (11th Cir. 2008) (citing *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996)); *Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). Likewise, appropriate grounds for reconsideration under Rule 60 include "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b). A party may also seek relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Here, Defendant contends that reconsideration is necessary to correct the Court's "manifest error of fact"—to wit, its summary judgment finding that Defendant failed to rebut Plaintiff's declaration testimony that she worked, on average, 70 hours per week. [Doc. 116 at 2, 4-5]. Defendant further asserts that reconsideration of the finding that Plaintiff worked approximately 70 hours per week is necessary to "prevent manifest injustice, and ensure that Defendant is afforded a fair opportunity to present its evidence at trial on a critical factual issue that directly impacts the calculation of damages in this FLSA case." [*Id.* at 2].

Defendant now on the eve of trial belatedly points to evidence in the record that purportedly contradicts Plaintiff's claim in her summary judgment declaration that she worked, on average, 70 hours per week for Defendant, such as deposition and declaration testimony and other record evidence. Defendant asserts that, "[b]y failing to consider Defendant's rebuttal evidence, the Court

4

effectively prevented Defendant from challenging the reasonableness of the inference drawn from Plaintiff's declaration." [*Id.* at 11].

However, the Court did not "fail to consider" this evidence—rather, Defendant failed to properly present this evidence and rely on it in its summary judgment presentation. At summary judgment, "[a] party asserting that a fact [] is genuinely disputed ***must support the assertion*** by citing to particular parts of materials in the record," or by "showing that the materials cited [by the opposing party] do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1) (emphasis added). In its summary judgment briefing, Defendant did not point to any of this rebuttal evidence that it now wants to rely on to seek reconsideration over a year later, on the eve of trial. Rather, as discussed in the Court's most recent Order explaining its summary judgment ruling (provided at Defendant's request), Defendant simply failed in its response to Plaintiff's partial summary judgment motion to present sufficient evidence or legal argument. Instead, Defendant merely argued that Plaintiff "has provided zero evidence of any overtime compensation violations. Most importantly, Plaintiff is unclear of the hourly rate she contends that she should have been paid, [] much less how many hours she worked." (Def. Resp. to Pl. MSJ, Doc. 62 at 17). Defendant made no effort to challenge the reasonableness of Plaintiff's declaration evidence or to cite to "particular parts of materials in the record" to show that there was a genuine dispute of material fact on this issue in its initial briefing. Indeed, in its current

5

Emergency Motion, Defendant outlines the record evidence that it argues is in conflict with Plaintiff's declaration testimony, but makes no attempt to argue that it cited to any such evidence at the summary judgment stage. Therefore, Defendant has failed to show any manifest error of fact or manifest injustice arising from the Court's summary judgment ruling.

Additionally, Defendant argues that the Court's January 9, 2026 Order constitutes a "new development that justifies reconsideration now." [Doc. 116 at 13]. Defendant asserts that this recent Order "makes clear for the first time the full impact of the Court's summary judgment finding on Defendant's ability to present its case at trial" because Defendant did not know that it would be prohibited from presenting evidence at trial contrary to the Court's summary judgment ruling that Plaintiff worked approximately 70 hours per week. [*Id.*]. This argument is also unavailing. Many of the Court's rulings in the summary judgment Order flowed from the finding that there was no genuine issue of material fact as to whether Plaintiff worked 70 hours per week, including its finding that Defendant violated the FLSA's overtime provisions by failing to pay Plaintiff an overtime premium rate for the hours worked in excess of 40 each week, and its finding from there that Plaintiff was entitled to liquidated damages as a matter of law. (Doc. 68 at 19-23). More significantly, the Court stated explicitly in its August 6, 2025 omnibus Order on Plaintiff's motions in limine that "Defendant may not relitigate the issue of how many hours per week Plaintiff worked" and that "Defendant is bound by the Court's finding at summary judgment that Plaintiff worked approximately 70

6

hours per week during her employment[.]" (Doc. 92 at 10). Careful not to be misunderstood, the Court repeated in that Order, "In short, Defendant is bound by the Court's summary judgment rulings and is precluded from disputing those rulings through evidence or argument at trial." (*Id*. at 11). There is thus nothing in the January 9, 2026 Order that constitutes a "new development" with respect to that ruling.

A motion for reconsideration may not be used to relitigate old matters or re-argue settled issues. *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012); *Linet, Inc. v. Willage of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Defendant did not move for reconsideration of the Court's Order on Plaintiff's motions in limine (Doc. 92) when it was issued more than five months ago. Defendant also failed to timely move for reconsideration fourteen months ago when the Court issued its summary judgment Order (Doc. 68), where it clearly found that the evidence was unrebutted that Plaintiff worked approximately 70 hours per week. That was the time for Defendant to assert that there was a genuine dispute of material fact as to the number of hours per week Plaintiff worked, ***and to cite to supporting record evidence***. It is improper for Defendant to raise the issue now, the day before trial is set to commence—and after several efforts on the part of the Court to find a trial date that was consistent with defense counsel's scheduling needs.

Finally, any motion seeking reconsideration of the Court's summary judgment Order is untimely under the Local Rules, which provide that such

motions must be filed within 28 days. LR 7.3(E), NDGa. At this very late juncture, this constitutes an independent basis for denying Defendant's Motion.

For the reasons explained above, Defendant has not shown any appropriate ground for reconsideration of the Court's January 9, 2026 Order, or of its October 25, 2024 Order. Accordingly, Defendant's Emergency Motion for Reconsideration [Doc. 116] is **DENIED**.

As it has done on several occasions since issuing its summary judgment ruling, which disposed of the majority of issues in the case, the Court once again urges the parties to consider a resolution of this matter as an alternative to proceeding to a jury trial. If it is indeed the case that Defendant did not truly comprehend the impact of the Court's summary judgment ruling until a few days ago, perhaps it is time for the parties to take stock with fresh eyes of whether the expense of trial is worth their while.

**IT IS SO ORDERED** this 12th day of January, 2026.

_____
**Honorable Amy Totenberg
United States District Judge**